IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ADVANCED AERODYNAMICS, LLC,<br><br>          Plaintiff,<br><br>v.<br><br>SPIN MASTER, LTD.,<br><br>          Defendant. | CIVIL ACTION NO. 6:21-cv-00002-ADA |

# [PROPOSED] SCHEDULING ORDER

Pursuant to the Order Governing Proceedings for Patent Cases (OGP version 3.3), the Court hereby **ORDERS** that the following schedule will govern deadlines up to and including the trial of this matter:

| Date | Item |
|---|---|
| Thursday, May 13, 2021 | Plaintiff serves preliminary[1] infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (*i.e.* the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |
| Thursday, May 27, 2021 | The Parties shall submit an agreed Scheduling Order. If the parties cannot agree, the parties shall submit a separate Joint Motion for entry of each Order briefly setting forth their respective positions on items where they cannot agree. Absent agreement of the parties, the Plaintiff shall be responsible for the timely submission of this and other Joint filings. |

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served, and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

| Date | Item |
|---|---|
| Thursday, July 1, 2021 | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s), and (3) summary, annual sales information for the accused product(s) for the two years preceding the filing of the Complaint, unless the parties agree to some other timeframe. |
| Thursday, July 15, 2021 | Parties exchange claim terms for construction. |
| Thursday, July 29, 2021 | Parties exchange proposed claim constructions. |
| Thursday, August 5, 2021 | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall also provide a summary of the witness's expected testimony.[2] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| Thursday, August 12, 2021 | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| Thursday, August 19, 2021 | Plaintiff files Opening claim construction brief. However, if Defendant contends multiple terms are indefinite and/or proposes numerous terms the Plaintiff contends require no construction, the parties may contact chambers as to whether it is more appropriate for Defendant to file the opening claim construction brief. Briefing shall include any arguments that any claim terms are indefinite. |

---

[2] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

| Date | Item |
|---|---|
| Thursday, September 9, 2021 | Deadline for Responsive claim construction brief. |
| Thursday, September 23, 2021 | Deadline for Reply claim construction brief. |
| Thursday, October 7, 2021 | Deadline for Sur-Reply claim construction brief. |
| Tuesday, October 12, 2021 | Parties submit Joint Claim Construction Statement.  For Markman briefs[3], each party shall deliver to Chambers one (1) paper copy of its Opening, Response, and Reply briefs, omitting attachments, at least 10 days before the hearing.  Each party shall also provide an electronic copy of the briefs, exhibits, and the optional technology tutorial via cloud storage[4] or USB drive.  For *Markman* briefs, the parties should also include a (1) paper copy of all patents-in-suit and the Joint Claim Construction Statement.  To the extent the Court appoints a technical adviser, each party shall deliver the same to the technical adviser, also 10 days before the hearing. |

---

[3] But if the Court appoints a technical adviser for claim construction, the parties do not need to provide a copy of the Markman briefs to the Court.

[4] The parties should contact the law clerk to request a Box link so that the party can directly upload the files to the Court's Box account.  The filenames for any exhibits should be a description of the exhibit, *e.g.*, "U.S. Patent No. 10,000,000" or "Prosecution history for 10000,000 (January 20, 2020, Office Action)."

| Date | Item |
|---|---|
| Friday, October 8, 2021 | Parties submit optional technical tutorials to the Court and technical adviser (if appointed).[5] The parties shall also jointly submit, via USB drive, Box (not another cloud storage), or email to the law clerk, pdf versions of all as-filed briefing and exhibits. |
| Wednesday, October 20, 2021 | *Markman* Hearing at 9:30 a.m. |
| Thursday, October 21, 2021 | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| Wednesday, December 1, 2021 | Deadline to add parties. |
| Wednesday, December 15, 2021 | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to Infringement or Invalidity contentions. This deadline does not relieve the Parties of their obligation to seasonably amend if new information is identified after initial contentions. |

---

[5] The parties should contact the law clerk to request a Box link so that the party can directly upload the file to the Court's Box account.

| Date | Item |
|---|---|
| Wednesday, February 9, 2022 | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.) |
| Wednesday, April 20, 2022 | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's Law Clerk to arrange a teleconference with the Court to resolve the disputed issues. |
| Wednesday, May 18, 2022 | Close of Fact Discovery. |
| Wednesday, June 1, 2022 | Opening Expert Reports. |
| Wednesday, June 29, 2022 | Rebuttal Expert Reports. |
| Wednesday, July 20, 2022 | Close of Expert Discovery. |

| Date | Item |
|---|---|
| Wednesday, July 20, 2022 | Deadline for the second of two meet and confer to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. To the extent it helps the parties determine these limits, the parties are encouraged to contact the Court's Law Clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| Wednesday, August 3, 2022 | Dispositive motion deadline and Daubert motion deadline. Parties submit Joint Claim Construction Statement.  For Markman briefs[6], summary judgment motions, and *Daubert* motions, each party shall deliver to Chambers one (1) paper copy of its Opening, Response, and Reply briefs, omitting attachments, at least 10 days before the hearing.  Each party shall also provide an electronic copy of the briefs, exhibits, and the optional technology tutorial via cloud storage[7] or USB drive.  For *Markman* briefs, the parties should also include a (1) paper copy of all patents-in-suit and the Joint Claim Construction Statement.  To the extent the Court appoints a technical adviser, each party shall deliver the same to the technical adviser, also 10 days before the hearing. |
| Wednesday, August 24, 2022 | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, discovery and deposition designations). |
| Wednesday, September 7, 2022 | Serve objections to pretrial disclosures/rebuttal disclosures. |

---

[6] But if the Court appoints a technical adviser for claim construction, the parties do not need to provide a copy of the Markman briefs to the Court.

[7] The parties should contact the law clerk to request a Box link so that the party can directly upload the files to the Court's Box account.  The filenames for any exhibits should be a description of the exhibit, *e.g.*, "U.S. Patent No. 10,000,000" or "Prosecution history for 10000,000 (January 20, 2020, Office Action)."

| Date | Item |
|---|---|
| Wednesday, September 14, 2022 | Serve objections to rebuttal disclosures and File Motions *in limine*. |
| Wednesday, September 21, 2022 | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions in limine |
| Wednesday, September 28, 2022 | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com Deadline to meet and confer regarding remaining objections and disputes on motions in limine.<br><br>Deadline to meet and confer regarding remaining objections and disputes on motions in limine. |
| Friday, October 14, 2022 | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions in limine. |
| Wednesday, October 26, 2022 | Final Pretrial Conference. The Court expects to set this date at the conclusion of the *Markman* Hearing. |

| Date | Item |
|---|---|
| Monday, November 14, 2022 | Jury Selection/Trial. The Court expects to set these dates at the conclusion of the *Markman* Hearing. |

SIGNED this _____ day of _____, 2021.

_____
ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE

Dated: <u>May 27, 2021</u>  Respectfully submitted,

By: <u>*/s/ James F. McDonough, III*</u>

**HENINGER GARRISON DAVIS, LLC**
James F. McDonough, III (GA 117088)*
Jonathan R. Miller (GA 507179)**
Travis E. Lynch (GA 162373)**
3621 Vinings Slope, Suite 4320
Atlanta, Georgia 30339
Telephone: (404) 996-0869, -0863, -0867
Facsimile: (205) 547-5504, -5506, -5515
Email: jmcdonough@hgdlawfirm.com
Email: jmiller@hgdlawfirm.com
Email: tlynch@hgdlawfirm.com

**ATTORNEYS FOR PLAINTIFF *ADVANCED AERODYNAMICS, LLC***

\* admitted to the Western District of Texas
\*\* admitted *Pro Hac Vice*

Dated: <u>May 27, 2021</u>                                   Respectfully submitted,

*/s/ William Meunier*
Michael T. Renaud
Massachusetts BBO No. 629783
E-Mail: MTRenaud@mintz.com
William A. Meunier
Massachusetts BBO No. 677571
E-Mail: WAMeunier@mintz.com
MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO PC
One Financial Center
Boston, MA 02111
Tel: (617) 542-6000
Fax: (617) 542-2241
www.mintz.com

T. John Ward, Jr.
Texas State Bar No. 00794818
E-mail: jw@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
E-mail: claire@wsfirm.com
Andrea L. Fair
State Bar No. 24078488
Email: andrea@wsfirm.com
Charles Everingham IV
State Bar No. 00787447
Email: ce@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

*Counsel for Defendant Spin Master, Ltd.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on May 27, 2021 to all counsel of record who are deemed to have consented to electronic service *via* the Court's CM/ECF system.

By: */s/ James F. McDonough, III*
James F. McDonough, III