# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| ADVANCED AERODYNAMICS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SPIN MASTER, LTD.<br><br>Defendants. | C.A. No.: 6:21-cv-00002-ADA<br><br>JURY TRIAL DEMANDED |

## AMENDED ORDER

Before the Court are certain discovery disputes raised by Defendant Spin Master, Ltd. ("Defendant") and Plaintiff Advanced Aerodynamics, LLC ("Plaintiff") in their respective April 22, 2022 and April 25, 2022 emails to the Court pursuant to the Court's discovery procedures as outlined in its Standing Order Governing Proceedings in Patent Cases. The Court also heard argument on Defendant's Motion to Dismiss/Strike Plaintiff's Amended Complaint (ECF No. 81).

Having considered the briefing and having heard arguments on the Motion to Strike and the discovery issues, the Court orders as follows.

Defendant's Motion to Dismiss or Strike (ECF No. 81) is **GRANTED**. The Court accordingly **STRIKES** Plaintiff's Amended Complaint (ECF No. 79). Plaintiff is hereby ordered to file a notice re-urging its prior Motion to Dismiss and Motion to Strike (ECF No. 69) Defendant's Answer and Counterclaims within seven (7) days. Otherwise, Plaintiff's Motion to Dismiss and Motion to Strike will be dismissed as moot.

While "timely," Plaintiff's First Amended Complaint (ECF No. 79) fundamentally alters the nature of this case, sidesteps the Court's discovery order prohibiting discovery into domestic subsidiaries, and reverses course on this Court's understanding of prior arguments regarding necessary parties and corresponding legal theories. *See Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004) (quoting *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 456 n.2 (8th cir. 1998) ("[W]hen late tendered amendments involve new theories of recovery and impose additional discovery requirements, courts [of appeal] are less likely to find an abuse of discretion due to the prejudice involved."); *see also Strong v. Green Tree Servicing, L.L.C.*, 716 F. App'x 259, 264 (5th Cir. 2017) (denying motion to amend submitted on the last day allowed by the scheduling order on the grounds that it would result in undue prejudice because "(1) the motion was filed late and in the middle of discovery; (2) the motion attempted to assert over a dozen new claims based on the same events as the original complaint, including four new causes of action; (3) the amended complaint would likely further extend the litigation to accommodate discovery relating to the new claims; and (4) [defendant] would be forced to reexamine its defense strategy in light of several different causes of action after preparing for twenty-two months to defend against just one cause of action."). It is far too late in the litigation to reverse course and introduce entirely new theories, particularly theories that this Court understood would not be applicable or necessary from the outset of the case.

At the discovery hearing, Plaintiff requested that this Court order that "Defendant is compelled to produce: (1) An accounting of all sales (revenue and units) of the Accused Products in or for import into the United States by any Spin Master entity, whether the sale occurred overseas, FOB, or otherwise; (2) manufacturing specifications and drawings sufficient to show the structure and construction of the Accused Products; and (3) documents showing the

costs and expenses for manufacturing and selling the Accused Products." Plaintiff's requested discovery relief is **DENIED** based on the Court's ruling granting Defendant's Motion to Strike Plaintiff's Amended Complaint (ECF Nos. 79 and 80).

At the discovery hearing, Defendant requested that this Court produce "an order compelling AA to produce all requested financial records and other documents related to its damages claims within 7 days." Defendant further requested that, "To the extent AA represents it is not in possession, custody, or control of additional non-privileged responsive documents, SML requests an order limiting AA's evidence of documents relevant to these issues to only documents produced to date." It is **FURTHER ORDERED** that Defendant's requested discovery relief is **DENIED**.

**SO ORDERED.**

SIGNED this 23rd day of May, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE